# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT QUINCY THOMAS,<br><br>            Petitioner,<br><br>    v.<br><br>PEOPLE OF STATE OF CALIFORNIA,<br><br>            Respondent._____/ | 1:10-cv-00082-DLB (HC)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION<br><br>[Doc. 1] |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner filed the instant petition for writ of habeas corpus on January 15, 2010. The Court has conducted a preliminary review of the Petition and finds it is without jurisdiction to hear the case as Petitioner has named an improper respondent.

    A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate.

1  Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the
2  proper respondent is his probation or parole officer and the official in charge of the parole or
3  probation agency or state correctional agency.  Id.

4      In this case, petitioner names the State of California as Respondent.  Although Petitioner
5  is currently in the custody of the State of California, he is currently incarcerated at the California
6  State Prison in Corcoran and the current Warden of that facility of Derral G. Adams.

7      Petitioner's failure to name a proper respondent requires dismissal of his habeas petition
8  for lack of jurisdiction.  Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326,
9  1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2d
10  Cir. 1976).  However, in this case, the Court will give petitioner the opportunity to cure his defect
11  by amending the petition to name a proper respondent.  See, West v. Louisiana, 478 F.2d 1026,
12  1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)
13  (allowing petitioner to amend petition to name proper respondent); Ashley v. State of
14  Washington, 394 F.2d 125 (9th Cir. 1968) (same).

15      Accordingly, the Court HEREBY ORDERS:

16  1.    Petitioner SHALL SHOW CAUSE why the Petition should not be dismissed by
17      AMENDING the Petition to name a proper respondent within thirty (30) days of
18      the date of service of this order.  To comply with this directive petitioner need only
19      submit a pleading titled "Amendment to Petition" in which he amends the petition
20      to name a proper respondent.  As noted above, that individual is the person having
21      day to day custody over petitioner - usually the warden of the institution where he
22      is confined.  The Amendment should be clearly and boldly captioned as such and
23      include the case number referenced above, and be an original signed under penalty
24      of perjury.

25  IT IS SO ORDERED.

26  **Dated:   February 11, 2010**        **/s/ Dennis L. Beck**
                                                                       UNITED STATES MAGISTRATE JUDGE