1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9     ROBERT QUINCY THOMAS,            1:10-cv-00082-DLB (HC)

10               Petitioner,             ORDER GRANTING RESPONDENT'S
MOTION TO DISMISS THE INSTANT

11      v.                                   PETITION FOR LACK OF JURISDICTION,
DIRECTING CLERK OF COURT TO DISMISS

12                                        PETITION, AND DECLINING TO ISSUE A
DERRAL G. ADAMS, Warden          CERTIFICATE OF APPEALABILITY

13

14               Respondent.          [Doc. 16]

_____/

15

16       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17 pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to

the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

18

19                                   BACKGROUND[1]

20       On February 27, 1986, Petitioner pled guilty to second degree murder (Cal. Penal Code[2] §

21 187) in Los Angeles Superior Court.  Petitioner was sentenced to an indeterminate term of fifteen

years to life.  Petitioner is still serving this term, as the Board of Prisons imposed a fifteen-year

22 denial of parole in 2009.

23

24       In 2008, while incarcerated, Petitioner was charged with two misdemeanor counts of

25 indecent exposure (§ 314(1)), in the Corcoran Division of the Kings County Superior Court, case

26      _____

27         [1] This information is derived from the state court documents lodged by Respondent on June 1, 2010, and is
not subject to dispute.  (Court Doc. 17.)

28         [2] All further statutory references are to the California Penal Code unless otherwise indicated.

1   number 08CM7085.  On April 29, 2008, following a jury trial Petitioner was found guilty as

2   charged on both counts.  Petitioner was sentenced to 360 days imprisonment, to be served

3   "concurrent to his current term of incarceration," and was "serviceable in any penal institution."

4   (RT 351-352.)  Petitioner was not entitled to presentence credits because he was already "serving

5   an unrelated sentence...."  (RT 351.)  Therefore, excluding any custody credits, Petitioner's

6   misdemeanor sentence was set to expire on April 24, 2009.

7          Petitioner appealed this conviction, and on November 3, 2008, the judgment was

8   affirmed.

9          On March 23, 2009, Petitioner filed a state petition for writ of habeas corpus in the Kings

10  County Superior Court, alleging that his trial counsel was ineffective, there were no African-

11  American jurors on the jury panel, and two prosecution witnesses falsely testified against him at

12  trial.  On May 18, 2009, the petition was denied.

13         On June 6, 2009, Petitioner filed a state petition in the California Court of Appeal.  On

14  August 7, 2009, the petition was summarily denied.  On October 5, 2009, Petitioner filed an

15  identical petition in the California Supreme Court, which was summarily denied on November

16  10, 2009.

17         Petitioner filed the instant federal petition for writ of habeas corpus on January 15, 2010.

18  On June 1, 2010, Respondent filed a motion to dismiss the petition for lack of jurisdiction.

19  Petitioner filed an opposition on June 11, 2010, and Respondent filed a reply on June 16, 2010.

20                                        DISCUSSION

21  A.     Procedural Grounds for Motion to Dismiss

22         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

23  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

24  entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

25         The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

26  if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

27  the state's procedural rules.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

28  (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

1    v. Lewis, 874 F.2d 599, 602-03 (9ᵗʰ Cir. 1989) (using Rule 4 as procedural grounds to review

2    motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

3    (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

4    response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

5    Supp. at 1194 & n. 12.

6          In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

7    2244(a)'s custody requirement.  Therefore, the Court will review Respondent's motion to dismiss

8    pursuant to its authority under Rule 4.

9    B.        Custody Requirement

10         Section 2254(a) provides that a federal court "shall entertain an application for a writ of

11   habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on

12   the ground that he is in custody in violation of the Constitution or laws or treaties of the United

13   States."  Therefore, in order to proceed under section 2254, the prisoner must make the initial

14   showing that he is in custody pursuant to a judgment of a State court.  Lackawanna County

15   District Attorney v. Coss, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)).  The custody

16   determination is determined at the time the petition is actually filed.  Spencer v. Kemma, 523

17   U.S. 1, 7 (1998).  The custody requirement is jurisdictional.  Maleng v. Cook, 490 U.S. 488, 490

18   (1989) (per curiam); Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998).

19         Although the Supreme Court "has not required that a prisoner be physically confined in

20   order to challenge his sentence on habeas corpus," it has "never held, however, that a habeas

21   petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction

22   has fully expired at the time his petition is filed."  Maleng v. Cook, 490 U.S. at 491.  In other

23   words, "once the sentence imposed for a conviction has completely expired, the collateral

24   consequences of that conviction are not themselves sufficient to render an individual 'in custody'

25   for the purposes of a habeas attack upon it."  Id. at 492.

26         In addition, in order for custody to exists, there must be "a nexus between the petitioner's

27   claim and the unlawful nature of the custody."  Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010)

28   (dismissing for lack of jurisdiction where petition solely challenged restitution fine).  Stated

3

1   otherwise, "the remedy that [the petitioner] seeks" must be "directed at the source of the restraint

2   of his liberty." Id. at 981.  The fact that he is physical custody at the time the petition is filed is

3   insufficient to satisfy the custody requirement.  Id.  Thus, "federal courts lack jurisdiction over

4   habeas corpus petitions unless the petitioner is 'under the conviction or sentence under attack at

5   the time his petition is filed.'" Maleng v. Cook, 490 U.S. at 490-491.

6          In the instant case, although Petitioner is currently incarcerated in a California state

7   prison, he is not "in custody" pursuant to the state court judgment which he challenges in the

8   federal petition.  The Amended Petition challenges both of Petitioner's 2008 misdemeanor

9   convictions for indecent exposure only.  However, at the time Petitioner filed the instant petition

10  on January 15, 2010, his sentence on both misdemeanor convictions had already expired by at

11  least April 24, 2009.  Petitioner remained in custody based solely on his prior murder conviction.

12  Therefore, the Court does not have jurisdiction to review the challenges presented in the

13  Amended Petition.

14         Moreover, there is no basis to infer jurisdiction in this instance.  In Zichko v. Idaho, 247

15  F.3d 1015 (9th Cir. 2001), the prisoner was convicted of failing to register as a sex offender.  The

16  registration requirement was triggered by a prior rape conviction, for which the sentence was

17  already complete.  While in custody for failing to register, the petitioner filed a federal habeas

18  petition challenging his rape conviction.  The Ninth Circuit noted that "merely being subject to a

19  sex offender registry requirement does not satisfy the 'in custody' requirement after the original

20  rape conviction has expired." Id. at 1019.  Nonetheless, the Court found that

21         a habeas petitions is "in custody" for purposes of challenging an earlier, expired
           rape conviction, when he is incarcerated for failing to comply with a state sex
22         offender registration law because the earlier rape conviction 'is a necessary
           predicate' to the failure to register charge.
23

24  Id. at 1019-1020.  The Court concluded that because the previous offense was "positively and

25  demonstrably related" to the offense for which he was presently in custody, there was jurisdiction

26  to entertain the petition.  Id. at 1020.

27         However, in this case, Petitioner's murder conviction and public indecency offenses are

28  entirely independent from each other.  Petitioner is currently in custody for killing an individual

4

1    during an attempted robbery in 1986.  In contrast, Petitioner's misdemeanor convictions occurred

2    in 2008, when Petitioner intentionally and lewdly exposed himself, on two different occasions, in

3    view of two different victims.  Thus, the misdemeanor offenses are not positively and

4    demonstrably related to the murder offense.  In other words, Petitioner may have committed

5    these misdemeanor offenses even if he had never been previously convicted of murder.

6    Therefore, unlike Zichko, jurisdiction in this case cannot be based upon Petitioner's custody

7    status in an unrelated murder conviction.

8          Furthermore, there is no basis to find jurisdiction under section 2241(c)(3), which vests

9    jurisdiction for a petition filed by a prisoner who "is in custody in violation of the Constitution or

10   laws or treaties of the United States...."  Wilson v. Belleque, 554 F.3d 816 (9th Cir. 2009).  In

11   Wilson, a jury had twice deadlocked in the petitioner's state murder trial, and he sought federal

12   habeas corpus in order to bar a third retrial under double jeopardy.  Id. at 821.  At the time,

13   Petitioner remained in prison for a previous conviction.  Id. at 823.  The Court found jurisdiction

14   under 28 U.S.C. § 2241(c)(3), stating that jurisdiction was appropriate based on the "unique

15   circumstance" wherein "the sovereign seeking to prosecute a petitioner is currently detaining the

16   petitioner based on convictions or charges not being challenged" because otherwise, jurisdiction

17   would have been authorized if petitioner had been held pending trial or release on his own

18   recognizance.  Id. at 822.  However, in this instance, the state is not seeking to retry him on the

19   misdemeanor convictions, and he is currently in custody for a prior murder conviction which is

20   not subject to dispute.

21         In his opposition, Petitioner merely argues it would be a miscarriage of justice to not

22   review the merits of his petition.  However, the merits of Petitioner's petition has no bearing on

23   whether he is "in custody" for purposes of jurisdiction under section 2254(a).  Accordingly,

24   Respondent's motion to dismiss must be GRANTED, and the instant petition for writ of habeas

25   corpus must be dismissed for lack of jurisdiction.

26   C.    Certificate of Appealability

27         The court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); Slack v.

28   McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that

5

1   jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a

2   constitutional right; and (2) that jurists of reason would find it debatable whether the district

3   court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In the

4   present case, the Court does not find that jurists of reason would not find it debatable whether the

5   petition was properly dismissed, with prejudice, as time-barred under 28 U.S.C. § 2244(d)(1).

6   Petitioner has not made the required substantial showing of the denial of a constitutional right.

7                                                    ORDER

8         Based on the foregoing, it is HEREBY ORDERED that:

9         1.       Respondent's motion to dismiss is GRANTED; and

10        2.       The instant petition for writ of habeas corpus is DISMISSED; and

11        3.       The Court declines to issue a Certificate of Appealability.

12        IT IS SO ORDERED.

13        **Dated:**    **June 18, 2010**                        /s/ **Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28